**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRETT J. BALL,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>SUNTRUST MORTGAGE, INC.; et al.,<br><br>Defendants - Appellees,<br><br>IRYNA SYSENKO,<br><br>Intervenor - Defendant -<br>Appellee. | No. 11-16474<br><br>D.C. No. 2:10-cv-02064-PMP-LRL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted December 19, 2012[**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Brett J. Ball appeals pro se from the district court's judgment dismissing his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

diversity action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and a judgment on the pleadings under Fed. R. Civ. P. 12(c). *Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). We affirm.

The district court properly dismissed Ball's wrongful foreclosure and quiet title claims because Ball did not allege facts showing that he was not in default when defendants initiated non-judicial foreclosure proceedings. *See Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself."); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (wrongful foreclosure claim requires allegation that a lender exercised the power of sale and foreclosed upon property when the homeowner was not in default).

The district court properly dismissed and granted judgment on the pleadings on Ball's civil conspiracy and injunctive and declaratory relief claims after dismissing the underlying causes of action. *See, e.g.*, *Eikelberger v. Tolotti*, 611 P.2d 1086, 1088 (Nev. 1980) (conspiracy action for damages must be based on an independent cause of action).

Ball's contentions concerning securitization, Mortgage Electronic Registration Systems, Inc., and defendants' standing to pursue non-judicial

foreclosure are unpersuasive.

Defendant Aztec Foreclosure Corporation's motion for miscellaneous relief is denied as moot.

**AFFIRMED.**

11-16474